UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-238-HRW

RALPH E. LYON,                                            PLAINTIFF,

v.          **<u>MEMORANDUM OPINION AND ORDER</u>**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and supplemental security income benefits. The Court, having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability and supplemental security income benefits on October 22, 2002 (Tr. 14), alleging disability beginning on August 31, 2000, due to low back pathology, carpal tunnel syndrome, hernia, melanoma, and knee problems (Tr. 15). The application was

denied initially and on reconsideration (Tr. 14). On June 10, 2003, Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ") held an administrative hearing (Tr. 14). At the hearing, claimant, accompanied by counsel, testified, as did Leah Salyers, a vocational expert (hereinafter "VE") (Tr. 14).

Plaintiff was fifty-two years old at the time of the hearing decision (Tr. 15). He has a high school education and his past relevant work experience consists of work as a union representative, substitute teacher, carpenter and welder (Tr. 15).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 4, 2003, the ALJ issued his unfavorable decision finding that Plaintiff was not disabled (Tr. 20). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 31, 2000, the alleged onset date of disability (Tr. 15). The ALJ then determined, at Step 2, that Plaintiff suffers from low back pathology and carpal tunnel syndrome, conditions which he found to be "severe" within the meaning of the Regulations (Tr. 15). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 15). The ALJ determined at Step 4 that Plaintiff could not perform any of his past relevant work during the period at issue (Tr. 18). However, the ALJ concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range of light work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 18-20). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the sequential evaluation process (Tr. 19).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 1, 2004 (Tr. 5). Thereafter, Plaintiff filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 6 and 7], and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because (1) the ALJ improperly evaluated Plaintiff's subjective complaints of pain; and (2) in posing his hypothetical question to the VE, the ALJ failed to consider Plaintiff's impairments in combination.

### C. Analysis of Contentions on Appeal

The ALJ determined that Plaintiff was not disabled at step 5 of five-step sequential evaluation process because he could still perform a significant range of light work. Plaintiff's first claim of error is that, in making this determination, the ALJ improperly evaluated Plaintiff's subjective complaints of pain. Upon review of the record, the Court finds this argument to be without merit.

It is well-established that "[a]n individuals statements as to 'pain or other symptoms will not alone establish that [she is] disabled.'" *Walters v. Commissioner of Social Security,* 127 F.3d 525, 531 (6th Cir. 1997), quoting 20 C.F.R. § 404.1529(a). Rather, in reviewing the ALJ's decision, courts must employ "a two-prong test to evaluate a claimant's assertions of disabling pain." *Id.*

-5-

First, courts must consider "whether there is objective medical evidence of an underlying medical condition." *Id.* If there is such evidence, "we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain." *Id.*

In the instant case, the Plaintiff claims that he is unable to work due to low back pathology, carpal tunnel syndrome, hernia, melanoma, and knee problems (Tr. 15). However, the ALJ determined that Plaintiff retains the ability to perform a significant range of light work (Tr. 16-17). In making this determination and in accordance with Social Security Ruling 96.7p, the ALJ found that the medical signs and laboratory findings demonstrated the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce Plaintiff's symptoms. However, upon consideration of Plaintiff's subjective pain complaints, the ALJ declined to accept that such impairments are of the degree of severity alleged by Plaintiff. The ALJ specifically considered the following seven factors: (1) the extent of the claimant's daily activities; (2) the location, duration, frequency and intensity in the symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and adverse side-effects of

medication; (5) treatment other than occasion for relief of symptoms; (6) any measures other than treatment the claimant uses to relieve his pain or other symptoms; (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

Based on the medical evidence and testimony of record, the ALJ concluded that Plaintiff's subjective allegations of pain were excessive and that Plaintiff's "credibility as a witness" was "only fair." (Tr. 17). It is well established that "[i]n evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Walters*, 127 F.3d 525, 531. In doing so, the ALJ may consider whether there are any inconsistencies in the evidence, and the extend to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (2005). An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Id.* In addition to judging credibility, the ALJ is charged with weighing the evidence before him. *Meyers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972).

Plaintiff claims that the ALJ misquotes Plaintiff and the record in making his credibility determination (Plaintiff's Motion, p. 12-13). Specifically, Plaintiff

contends that the ALJ did not properly consider the pain caused by his conditions because: (1) the ALJ stated in his decision that Plaintiff complained of "knee pain" when, in fact, Plaintiff complained of "left leg pain"; (2) the ALJ stated that the Plaintiff attends "fraternal" meetings once a month when, in fact, Plaintiff only attends these monthly meetings four times a year; and (3) the ALJ determined that Plaintiff could lift fifty pounds despite Plaintiffs testimony that he could only lift sixteen pounds from table level (Plaintiff's Motion, 11-12).

The Court finds these contentions to be without merit. From the outset, the Court notes that, in the hearing decision, the ALJ describes Plaintiff's "left leg pain" as "numbness in his left leg from the hip to the knee," not "knee pain" as claimed by Plaintiff. Similarly, the ALJ merely states that Plaintiff attends fraternal meetings "about once a month" not that he does so every month without exception. Finally, Plaintiff does not cite any evidence corroborating his contention that "[p]resumptively, the ALJ thinks...the Plaintiff can lift fifty pounds," and the Court finds that the ALJ is not required to accept Plaintiff's testimony that he has trouble lifting more than sixteen pounds if the ALJ finds Plaintiff to be less than credible. Notwithstanding these facts, the Court finds it highly unlikely that any of the foregoing activities was a determinative factor in the ALJ's disability determination.

contends that the ALJ did not properly consider the pain caused by his conditions because: (1) the ALJ stated in his decision that Plaintiff complained of "knee pain" when, in fact, Plaintiff complained of "left leg pain"; (2) the ALJ stated that the Plaintiff attends "fraternal" meetings once a month when, in fact, Plaintiff only attends these monthly meetings four times a year; and (3) the ALJ determined that Plaintiff could lift fifty pounds despite Plaintiffs testimony that he could only lift sixteen pounds from table level (Plaintiff's Motion, 11-12).

The Court finds these contentions to be without merit. From the outset, the Court notes that, in the hearing decision, the ALJ describes Plaintiff's "left leg pain" as "numbness in his left leg from the hip to the knee," not "knee pain" as claimed by Plaintiff. Similarly, the ALJ merely states that Plaintiff attends fraternal meetings "about once a month" not that he does so every month without exception. Finally, Plaintiff does not cite any evidence corroborating his contention that "[p]resumptively, the ALJ thinks...the Plaintiff can lift fifty pounds," and the Court finds that the ALJ is not required to accept Plaintiff's testimony that he has trouble lifting more than sixteen pounds if the ALJ finds Plaintiff to be less than credible. Notwithstanding these facts, the Court finds it highly unlikely that any of the foregoing activities was a determinative factor in the ALJ's disability determination.

The Court likewise concludes that inconsistencies in the record support the ALJ's determination that Plaintiff was not fully credible. As correctly pointed out by the ALJ and the Defendant, Plaintiff engaged in very conservative treatment despite his allegations of disabling pain. Specifically, Plaintiff's testimony that he suffers from incapacitating back pain was belied by the record, which reveals that he does not wear a back brace or walk with an assistive device and that pain medications tend to alleviate his symptoms. Plaintiff further testified that he takes pain medication and sees his treating physician as needed but that he had only seen his treating physician two times in six months and taken pain medication twice in two weeks. Although Plaintiff testified that he is unable to sit or stand for more than one hour without changing positions, that he wears a splint on his left hand for support, and that he has trouble opening things with his right hand, he admitted that he washes clothes, performs minor repairs in the house, attends to his personal needs, and goes to fraternal club meetings "about once a month."

As noted *supra*, the ALJ is charged with weighing the evidence, and given the inconsistencies in the record, the Court concludes that the ALJ was within his discretion in determining that Plaintiff's testimony concerning his treatment and physical activities belied Plaintiff's allegations of disabling pain. Thus, the Court finds that the ALJ's determination as to Plaintiff's credibility, which is entitled to

deference, is supported by substantial evidence.

Plaintiff's second claim of error is that, in posing his hypothetical question to the VE, the ALJ failed to consider Plaintiff's impairments in combination as required by 42 U.S.C. §423(d)(2000) (Pl.'s Br. at 15-16). Specifically, Plaintiff takes issue with the ALJ's alleged failure to make specific findings with regard to Plaintiff's shoulder bursitis, spinal hernias, stenosis, and depression. This argument is unavailing, as the ALJ evaluated the medical evidence of record and specifically noted that he had considered Plaintiff's credible impairments - low back pathology and carpal tunnel syndrome - and concluded that neither impairment met or equaled a listed impairment. In making this determination, the ALJ properly relied upon the credible limitations found by the physicians who assessed Plaintiff's residual functional capacity. The Court finds Plaintiff's argument that the ALJ failed to address his allegations of depression equally unavailing, as there is no evidence in the record to support the existence of a psychological impairment. Thus, the Court concludes that the ALJ properly considered the combination of Plaintiff's impairments and substantial evidence supports the ALJ's hypothetical question to the VE.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite

conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___10___ day of ___January___, 2006.

_____
Henry R. Wilhoit, Jr.
Senior U.S. District Judge